IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAVIER SERRANO-MARTINEZ,

      Petitioner,

    vs.                                 Civ. No. 26-529  JB/JFR

MARY DE ANDA-YBARRA, Field Office
Director the El Paso Field Office of U.S.
Immigration and Customs Enforcement,
Enforcement and Removal Operations;
KRISTI NOEM, Secretary, U.S. Department
of Homeland Security; PAMELA BONDI,
U.S. Attorney General; Executive Office for
Immigration Review; DORA CASTRO, in her
Official Capacity as Warden of Otero County
Processing Center,

      Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

      **THIS MATTER** is before the Court on Petitioner's *Verified Petition for Habeas Corpus*,

filed February 24, 2026.  Doc. 2.  On February 25, 2026, Petitioner also filed a *First Motion for*

*Temporary Restraining Order*.  Doc. 4.  On March 9, 2026, the Federal Respondents filed a

Response to the Petition for Writ of Habeas Corpus.[2]  Doc. 8.  On March 16, 2026, Petitioner

filed a Reply.  Doc. 9.  For the reasons set forth below, the undersigned recommends that the

Petition (Doc. 2) be **GRANTED IN PART**.

---

[1] By an Order of Reference Relating to Immigration Habeas Corpus Proceedings filed March 16, 2026, the presiding judge, United States District Judge James O. Browning, referred this matter to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case.  Doc. 10; *accord* 28 U.S.C. §§ 636(b)(1)(B), (b)(3); *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990).

[2] Counsel for the Federal Respondents do not represent the warden of the detention facility, as it is a private facility, and the warden is not a federal employee.  Doc. 8 at 1 n.1.  However, all arguments made on behalf of the remaining respondents would apply equally to the warden.  *Id.*

## I.  RELEVANT FACTUAL BACKGROUND

Petitioner is a 36 year old native and citizen of Honduras.  Doc. 4 at 3, ¶ 5.  He entered the United States without inspection in or about 2006 and has continuously resided in the United States for approximately 20 years.  *Id.*  Petitioner has no history of or encounters with immigration.  Doc. 2 at 6, ¶ 20.  Petitioner was arrested in the interior of the United States on January 11, 2026, and placed in removal proceedings pursuant to 8 U.S.C. § 1229(a).  Doc. 2 at 2, ¶ 8.  The Department of Homeland Security issued a Notice to Appear charging him as removable under INA § 212(a)(6)(A)(i).  Doc. 4 at 3, ¶ 7.  Respondents classified Petitioner as an "applicant for admission" and detained and continue to detain him pursuant to 8 U.S.C. ¶ 1225(b).  *Id.*  After his arrest, Petitioner requested review of his custody by an Immigration Judge ("IJ").  Doc. 2 at 6, ¶ 20.  On February 11, 2026, Petitioner was denied bond by an IJ at the El Paso Immigration Court because he was found subject to mandatory detention pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) and the IJ therefore had no jurisdiction. *Id.*  In the alternative, the IJ found that "if jurisdiction were found to be proper, the court would issue a bond in the amount of $5,000 with ATD.  [Petitioner] does not present a danger to the community nor a flight risk."  *Id.* (citing Exhibit 2).  Petitioner is currently detained at the Otero Processing Center under 8 U.S.C. § 1225(b).  Doc. 4 at 3, ¶ 8.

Petitioner argues that having resided in the United States since 2006 he is incorrectly classified as an "applicant for admission" pursuant to 8 U.S.C. § 1225(b)(2) and is being unlawfully subjected to mandatory detention.  Doc. 2 at 2, ¶ 1.  Petitioner argues the Supreme Court in *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018), plainly states that 8 U.S.C. § 1226 applies to aliens like himself already in the United States.  *Id.* at ¶ 2.  Petitioner also seeks enforcement of his rights as a member of the Bond Denial Class pursuant to *Maldonado Bautista*

*v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3289861, at *11

(C.D. Cal. Nov. 20, 2025) (order granting partial summary judgment to named Plaintiffs-

Petitioners), and *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp.

3d ---, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (order certifying Plaintiffs-

Petitioners' proposed nationwide Bond Eligible Class, incorporating and extending declaratory

judgment from Order Granting Petitioner's' Motion for Partial Summary Judgment).  Doc. 2 at

2-3, at ¶ 4.  In sum, Petitioner argues that Respondents are denying him his statutory rights under

the INA and rulings pursuant to *Jennings* and *Maldonado Bautista* by denying him a bond

hearing under § 1226(a) and asserting that he is subject to mandatory detention under

§ 1226(b)(2).  *Id.* at 7, ¶ 6.

Petitioner seeks, *inter alia*,  release within one day or, in the alternative, that Respondents

release Petitioner unless they allow Petitioner to post bond immediately under 8 U.S.C. § 1226(a)

within seven days.  Doc. 2 at 8.

On March 6, 2026, the Court issued an Order to Answer.[3]  Doc. 6.

On March 9, 2026, Respondents filed their Answer.  Doc. 8.  Respondents begin by

stating that:

> Petitioner is in a somewhat unusual position in that an Immigration Judge has
> explicitly stated that, if it were not for his (the Immigration Judge's) lack of
> jurisdiction, he would grant Petitioner release on bond. Doc. 2-2.  The Immigration
> Judge was bound, at that time, by a Board of Immigration Appeals ("BIA") decision
> declaring that judges such as he lacked jurisdiction to grant such relief.  That BIA
> opinion has since been vacated.

---

[3] In the Order to Answer, the Court ordered that Respondents are enjoined pursuant to the All Writs Act, 28 U.S.C. § 1651(a), from transferring Petitioner outside the District of New Mexico while this proceeding is pending in order to ensure the Court retains jurisdiction in this matter.  Doc. 6 at 2.

Doc. 8 at 1-2. Respondents nonetheless request this Court deny the Petition arguing that Petitioner is correctly classified as an "applicant for admission" under Section 1225(b)(2)(A) based on the plain language of that statute. *Id.* at 2 (citing 8 U.S.C. § 1225(b)(2)(A)). Respondents argue that because Petitioner unlawfully entered the United States without inspection and is currently without lawful status, he is subject to mandatory detention under Section 1225(b)(2)(A). *Id.* at 6-10. Respondents argue that should the Court find that Section 1226, rather than Section 1225, applies to Petitioner, the subsequent relief, if any, would be to return Petitioner to that status: classification under Section 1226 with eligibility for a bond review in the normal course. *Id.* at 12. Respondents argue that the Court should not award attorney fees pursuant to EAJA as their position is substantially justified. *Id.* at 13. Finally, Respondents argue that Petitioner is not a member of the California Class because the "December 18, 2025, partial final judgment in *Bautista v. Noem*, No. 5:25-CV-1873 (C.D. Cal. Dec. 18, 2025), ECF No. 92, is neither binding nor applicable here and presents no independent basis for granting the petition." *Id.* at 14.

In his Reply, Petitioner contends that Respondents have failed to show that Petitioner is legally detained, and this Court should grant the writ or order immediate release. Doc. 9 at 1. Petitioner contends that "[b]y their own admission, Respondents agree that the authority used by the Immigration Judge to deny Petitioner's release has been vacated and the order of the immigration judge granting Petitioner bond should be immediately reinstated." *Id.* at 2. Petitioner contends that:

> [d]espite the vacatur, Respondents continue to detain Petitioner based solely on a disputed statutory interpretation that would classify a noncitizen who has lived in the United States for more than twenty years as an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2). That interpretation is inconsistent with the structure of the immigration detention statutes and the

4

longstanding distinction between individuals seeking admission at the border and those arrested in the interior of the United States.

*Id.*

### III.  <u>LEGAL STANDARD</u>

The All Writs Act, as the name implies, provides federal courts with general authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."  28 U.S.C. § 1651(a) (emphasis added).  Available writs include, *inter alia*, mandamus, habeas corpus, certiorari, quo warranto, and prohibition—antiquatedly termed "prerogative writs."  *See generally Withrow v. Williams*, 507 U.S. 680, 716 (1993) (Scalia & Thomas, JJ., concurring in part) ("In English law, habeas corpus was one of the so-called 'prerogative' writs, which included the writs of mandamus, certiorari, and prohibition." (citations omitted)).

Additionally, 28 U.S.C. § 2241(a) provides federal courts the jurisdiction to grant a writ of habeas corpus to "release from unlawful physical confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973), a petitioner demonstrating "by a preponderance of the evidence," *Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (per curiam), the existence of one of the five circumstances enumerated in 28 U.S.C. § 2241(c).  Relevant here, a petition for a writ of habeas corpus raised pursuant to 28 U.S.C. § 2241(c)(3) seeks release from federal custody that is "in violation of the Constitution or laws or treaties of the United States . . . ."

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2).  This includes immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Rasul v. Bush*, 542 U.S. 466, 483-84 (2004) ("[Noncitizen] Petitioners contend that they are being held in federal custody in violation of the laws of the

United States. . . .  Section 2241, by its terms, requires nothing more."), *judgment entered*, No. 04A41, 2004 WL 7372970 (U.S. July 16, 2004).

## IV.  ANALYSIS

Broadly speaking, federal immigration law vests the Attorney General with two primary sources of authority to detain noncitizens pending a decision on removability: 8 U.S.C. § 1225 and § 1226.  The distinction between these provisions matters here because each establishes materially different detention regimes and affords materially different procedural protections.

Section 1226 governs the detention of noncitizens who are already present in the United States and are placed in removal proceedings.  *See Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) ("[Section] 1226 applies to [noncitizens] already present in the United States" and "creates a default rule for those aliens."); 8 U.S.C. § 1226(a).  With the exception of certain narrowly defined provisions requiring detention of individuals with specified criminal history, § 1226 permits the Attorney General to detain noncitizens pending a decision on removability or to release them on bond or conditional parole.  *See* 8 U.S.C. § 1226(a)(2)(A)–(B); § 1226(c)(1)–(4); *Jennings*, 583 U.S. at 303 ("1226(a) ... permit[s] ... but [does] not requir[e] ... the Attorney General to issue warrants for [the] arrest and detention [of]" noncitizens already present in the United States; "Section 1226(a) also permits the Attorney General to release those [noncitizens] on bond[.]").

Section 1225, by contrast, governs the inspection and detention of certain "arriving aliens" and other noncitizens seeking admission to the United States.  *See, e.g.*, §§ 1225(b)(1), (b)(2)(A).  Under § 1225(b), detention is generally mandatory and does not permit release on bond or parole, subject to limited statutory exceptions.  *See* 8 U.S.C. §§ 1225(b)(1)(B)(iii)(IV), (b)(2)(A).

Because the availability of release on bond turns entirely on which statutory provision governs detention, the threshold question in this case is whether Petitioner is detained pursuant to § 1225(b) or § 1226(a).  In line with other courts in this District and the overwhelming majority of courts across jurisdictions, the Court agrees with Petitioner that § 1226(a) governs his detention.[4]

When read within the context of the statutory and regulatory scheme governing immigration detention, it is clear that § 1225(b)(2)(A) applies in circumstances not present here — namely, to the inspection and detention of individuals seeking admission at or near the border. *See Gutierrez v. Garcia*, Civ. No. 25-1145 WJ/KRS, 2026 WL 310064, at *3 (Feb. 5, 2026) (examining and discussing relevant statutory text) (citing *Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184, at *7 (D. Utah Jan. 16, 2026) ("§ 1225 applies to noncitizens at or near the border who are entering or who have recently entered[.]")).  Within that context, properly understood, Petitioner — who has lived in the United States for 20 years  — and was apprehended in the interior of the United States, is not subject to detention under § 1225(b)(2)(A).

By contrast, § 1226 governs detention once a noncitizen has been placed in removal proceedings.  The undisputed facts demonstrate that Petitioner has resided in the United States for a substantial period of time prior to his apprehension and placement in removal proceedings. He is not an individual apprehended at or near the border, nor is he properly characterized as an

---

[4] *See Gutierrez v. Garcia*, Civ. No. 25-1145 WJ/KRS, 2026 WL 310064, at *5 (Feb. 5, 2026) (explaining that "[c]ourts across jurisdictions have consistently rejected the proposition that current residents of the United States may be retroactively reclassified as arriving aliens for purposes of mandatory detention under § 1225(b).") (citing cases); *see also Ortiz v. Bondi*, et al., Civ. No. 26-287 KG/JFR, Memorandum Opinion and Order (Doc. 7 at 2-3) (Feb. 20, 2026) (citing *Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers opposing the government's policy of mandatory detention of noncitizens already present in the United States pursuant to 8 U.S.C. § 1225(b) have prevailed in at least 350 of them in decisions by over 160 judges across fifty courts)).

arriving alien within the meaning of § 1225(b).  Thus, Petitioner cannot be said to be "seeking admission" to the United States so as to justify his detention under § 1225(b)(2)(A).

Having established that Petitioner is detained pursuant to § 1226(a), the question becomes what process is due.  Here, Petitioner has presented a February 11, 2026, Order of the Immigration Judge in which the IJ determined that Petitioner does not present a danger to the community, is not a flight risk, and that but for the jurisdictional constraints imposed by the BIA decision in *Matter of Yajure Hurtado*, a decision that has been vacated, he would order Petitioner's release with a "bond in the amount of 5,000 with ATD."  Notably, Respondents concede that this BIA decision that purported to constrain the IJ's jurisdiction has been vacated.

## V.  **RECOMMENDATION**

 Based on the foregoing, the Court recommends as follows:

1.      That Petitioner's Verified Petition for Writ of Habeas Corpus (Doc. 2) be **GRANTED IN PART**;[5]

2.      That Petitioner be immediately released pursuant to the alternative findings and terms in the Order of the Immigration Judge (Exhibit 2);

3.      That the parties submit a joint status report to the Court confirming Petitioner's release;

4.      That the Motion for Temporary Restraining Order (Doc. 4) be **DENIED AS MOOT**; and

---

[5] Having found the Petitioner's detention is governed pursuant to 8 U.S.C. § 1226(a) and that he should be released on bond pursuant to the February 11, 2026, Order of the Immigration Judge, the Court does not address Petitioner's class member argument.

5.      That Petitioner submit an application for costs and fees within 30 days of a final

order pursuant to 28 U.S.C. § 2412, to which Respondents may reply within fourteen (14) days.


**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**


**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**